IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-0097 |
| EDGAR JESUS DOLORES-VEGA | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I. INTRODUCTION

Defendant Edgar Jesus Dolores-Vega is an unlawful alien who was deported from the United States on or about May 9, 2015 and July 30, 2015, and was subsequently found, again, illegally present in the United States on January 18, 2019. The defendant is likely to be deported following his punishment for this offense. Defendant's previous conviction for illegal reentry did not deter the defendant from illegal returning again, therefore, as explained below, the defendant is in need of a punishment that significantly deters future criminal conduct, including illegal reentry to the United States. For these reasons, as well as the reasons provided below, the government recommends a sentence of incarceration within the guidelines. Sentencing is scheduled for July 1, 2019.

### II. BACKGROUND

According to his alien file, and according to statements made to law enforcement, defendant Edgar Jesus Dolores-Vega, is a native and citizen of Mexico and is not a citizen of the United States. He was previously deported from the United States on or about May 9, 2015 and July 30, 2015. In connection with the May 9, 2015 removal, immigration officials executed a Form I-296, Notice to Alien Ordered Removed/ Departure Verification, which warned defendant

that he was required to request and obtain permission from the Attorney General to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment. Defendant was not deterred and on July 1, 2015, Dolores-Vega was again encountered illegally entering the country. Defendant pled guilty to a one count Information charging him with Illegal Reentry, in violation of 8 U.S.C. § 1326(a) for which he received twenty-eight days' imprisonment or time-served, whichever was less, and he was subsequently removed on July 30, 2015. In connection with the July 30, 2015 removal, immigration officials executed a Form I-205, Warrant of Deportation/Removal, which warned him that he was required to request and obtain permission from the Attorney General to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment.

Yet, despite these deportations and warnings, defendant Dolores-Vega was not deterred from illegally re-entering the United States. On January 18, 2019, Dolores-Vega was again found to be unlawfully in the United States.

On February 13, 2019, a federal grand jury sitting in the Eastern District of Pennsylvania returned a one-count Indictment, charging the defendant with reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). On March 20, 2019, he entered a guilty plea to the Indictment before this Court. Sentencing is scheduled for July 1, 2019 at 10:00 AM.

### III.  LEGAL STANDARD

The Third Circuit requires district courts to engage in a "three-step process for incorporating adequate consideration of the Guidelines into their sentencing procedures." United States v. Lofink, 564 F.3d 232, 238 (3d Cir. 2009). First, district courts "must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker. Id.

Second, district courts must "formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account [the Third Circuit's] pre-Booker case law, which continues to have advisory force." Id. at 237-38. Third, district courts must "exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines." Id. at 238.

## IV. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

The maximum penalty for a violation of 8 U.S.C. § 1326(a) and (b)(1) is ten years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment. Supervised release may be revoked if its terms and conditions are violated, in which case the original term of imprisonment may be increased by up to one year.

### B. Sentencing Guidelines Calculation

The Probation Office has properly calculated defendant's advisory guideline range under the United States Sentencing Guidelines. Defendant's base offense level is eight. U.S.S.G. § 2L1.2(a); PSR ¶ 16. As the defendant committed the instant offense after a previous conviction for illegal re-entry, the base offense is increased by four levels. U.S.S.G. § 2L1.2(b)(1)(A); PSR ¶ 17. Because defendant accepted responsibility for his crime by pleading guilty, he is entitled to a two level reduction pursuant to U.S.S.G. § 3E1.1(a). PSR ¶ 23. In total, defendant's offense level is ten. PSR ¶ 24.

The Probation Office also correctly calculated defendant's criminal history. The defendant has a previous criminal conviction for illegal reentry for which he received time served or 28 days' imprisonment (whichever was less). PSR ¶ 26. His criminal history category is I. PSR ¶ 28. With an offense level of ten and a criminal history category of I, the guideline

range of imprisonment is six to twelve months.[1]  PSR ¶ 61.

## V.   CONSIDERATION OF 18 U.S.C. § 3553(a) FACTORS

In addition to the guideline analysis above, this Court must also consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).  As described more fully below, a thorough consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a) establishes that a sentence of incarceration within the advisory guideline range of six to twelve months is appropriate in this case.

### A.   The Nature and Circumstances of the Offense and the History and Characteristics of Defendant; The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

This is the third time defendant has illegally entered the United States. This is a serious offense.  Border security is critically important to national security, and this country spends

---

[1] The Bureau of Prisons has agreed to give credit towards a sentence in an illegal reentry case for time spent in immigration administrative custody if they can relate it to the criminal case. The operative date is the date that Immigration and Customs Enforcement ("ICE") refers the case to the United States Attorney's Office for prosecution. In this case, ICE referred the case for prosecution on January 18, 2019.

significant resources to that end. Every violation of our borders by an individual like Dolores-Vega, who re-enters this country without permission, takes a toll on our country's resources and makes us more vulnerable to those who are watching and may attempt the same conduct. Prior to his removals on both May 9, 2015 and July 30, 2015, he was specifically warned that illegally re-entering the United States was a crime, yet this did not deter him from doing so. His actions show a disregard for the law and law enforcement. A guideline range sentence of imprisonment will emphasize the importance of the immigration laws put in place by Congress. It will also serve to remind defendant that his violations of those laws are serious and will be punished accordingly.

**B.     The Need To Afford Adequate Deterrence To Criminal Conduct, and To Protect the Public from Further Crimes of the Defendant**

Both general and specific deterrence are important factors in imposing sentence. The lack of criminal consequences in connection with his first illegal entry taught him that the crime was worth the risk, as he then reentered the United States illegally less than two months after that removal. The 28 day prison term in connection with his first illegal re-entry conviction also did not deter, as defendant was discovered to again be in the United States less than four years after his July 30, 2018 removal. A guideline range sentence of incarceration will encourage defendant to conform his conduct to the requirements of the law. A sentence of incarceration will also discourage other individuals from illegally re-entering the country after deportation.

**C.     The Need To Provide the Defendant With Care in the Most Effective Manner**

The statute provides that sentences should be adjusted in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). The government is not aware of any unique issues regarding education, vocational training or medical needs relating to this

defendant.

### D. The Guidelines and Policy Statements Issued by the Sentencing Commission

As described above, the sentencing guidelines accurately account for defendant's culpability in this case.

### E. The Need to Avoid Unwarranted Sentencing Disparity

A sentence within the guideline range is the best way to avoid unwarranted sentencing disparities among defendants found guilty of similar conduct. The government is not aware of any unique disparity issues presented by this case.

### F. The Need to Provide Restitution to Victims of the Offense

Defendant's crime did not result in financial loss to any victim.

## VI. CONCLUSION

For all the reasons set forth above, defendant Edgar Jesus Dolores-Vega should be sentenced to a term of imprisonment within the advisory Guidelines range of six to twelve months' imprisonment.

Respectfully submitted,

WILLIAM M. McSWAIN
UNITED STATES ATTORNEY


MEGAN CURRAN
Special Assistant United States Attorney

DATED: June 7, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum has been served via electronic filing upon:

>Maranna J. Meehan, Esquire
>Assistant Federal Defender
>Federal Defenders Association
>601 Walnut Street, Suite 540 West
>Philadelphia, PA 19106

>*/s/ Megan Curran*
>MEGAN CURRAN
>Special Assistant United States Attorney

DATE: June 7, 2019