**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 19-097-1** |
| | : | |
| | : | |
| **EDGAR JESUS DOLORES-VEGA** | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Edgar Jesus Dolores-Vega (Mr. Dolores) submits this sentencing memorandum and respectfully requests this Court impose a sentence of time-served. The defense has no objections to the advisory guideline calculations set forth in the final Presentence Investigation Report. The Report concludes the advisory range is six to twelve months based upon a total offense level ten, and criminal history category I (PSR ¶61). A time served sentence will satisfy the sentencing factors set forth in 18 U.S.C. §3553(a) and would be a sentence that is sufficient but not greater than necessary. On July 1, 2019, Mr. Dolores will have been in custody for 5½ months, which is two weeks below the advisory range. Mr. Dolores will remain in custody upon completion of his sentence and therefore will spend some additional time in custody prior to being removed to his native country of Mexico.[1] A time served sentence will achieve the goals of sentencing outlined in *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a).

---

[1] Mr. Dolores was arrested on January 18, 2019 and was detained in ICE custody. Ordinarily, government counsel in this district agrees that credit for time spent in ICE custody should be awarded toward the federal sentence as defendants held for prosecution and not for removal purposes once the government accepts the referral for criminal prosecution which in this case occurred while Mr. Dolores was held at York County Prison. (See Govt. Sentencing Memorandum at n.1).

I.      **MR. DOLORES'S PERSONAL HISTORY**

Mr. Dolores was born in Cuautitlán Izcalli which is a small village in Mexico. He is one of seven children born to Bernabe Dolores-Telles and Margarita Vega-Alvarez. Part C of the Presentence Investigation Report accurately describes Mr. Dolores's description of his childhood and current circumstances. Mr. Dolores was raised by both parents. His family was very poor and he described not having enough food at times and not having shoes to wear. His family members "suffered" but his family was loving and tight knit. During the Form 1 interview, he told the probation officer he is devoted to his parents and they are "his life." Fortunately, his family's situation has improved ever so slightly in recent years.

Mr. Dolores attended school until he was 12 or 13 years old when he left to work with his father in farming. He described himself as "always working." He feels guilty that he is unable to help his family, in particular his wife and three children. Mr. Dolores is married to Maria Guadalupe Gonzalez. Their children are ages 11, 9 and 4. He has never seen his youngest son who was born when Mr. Dolores was in the United States. Mr. Dolores has been able to communicate with his family by phone. He knows and accepts that he will be deported to Mexico upon completion of whatever sentence the Court imposes. He is looking forward to being reunited with his wife and three children, and being able to once again support his family.

While in the United States, Mr. Dolores worked in the construction industry for three years for constructions subcontractors. The majority of his days were spent working for subcontractors who contract with well know builders of new homes in our area —Toll Brothers and Ryan Homes. Mr. Dolores's sister, who was interviewed for the Report, described her brother as a hard worker who worked long hours to support the entire family.

2

## II.    APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

A sentence of time-served is modestly (two weeks) below the bottom of the advisory guideline range.  Imposing a sentence other than time-served will be greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unwarranted.  Mr. Dolores is a hard-working, family man.  He came to the United States to work and make a better living for himself, which is exactly what he did.  He has always supported his family.

This is a serious offense, as are arguably all federal offenses.  Nevertheless, this is a non-violent offense with no identifiable victims.  Mr. Dolores is unlikely to be eligible for programs offered within the Bureau of Prisons due to the length of his sentence but more importantly, because of his immigration status.  Moreover, Mr. Dolores is ineligible for a sentence of non-incarceration or release to a hallway house for the remaining months of his sentence due to the immigration detainer.

Mr. Dolores does not drink or use drugs.  He lived modestly, and most of the money he earned working was sent to his family in Mexico.  There are no medical or educational considerations in this case.

The protection of the public is of less importance in this case for several reasons.  Mr. Dolores's prior criminal history consists of the non-violent offense of returning to the United States without lawful permission. He will remain in custody and will be turned over to the Bureau of Immigration and Customs Enforcement ("ICE") where he will be held until he is returned to Mexico.

The defense acknowledges this is not the first time Mr. Dolores has illegally reentered the United States.  Mr. Dolores spent three days in custody the first time he was detained by immigration authorities.  He pled guilty to illegal reentry and was sentenced to 28 days in prison

before being removed to Mexico. In the instant matter, on the day of his sentencing hearing, Mr. Dolores will have been in custody 165 days, almost six times longer than the sentence he served in New Mexico for the same conduct. This custodial period has been difficult and Mr. Dolores realizes that it is impossible for him to return without facing more severe consequences. Knowing the loss of liberty he faces, and having experienced incarceration in a federal prison with others charged with illegal reentry, he has no desire to reenter the United States. It is a risk he is not willing to take.

### III.   CONCLUSION

For all the reasons cited herein, as well as any which become apparent to the Court at the sentencing hearing, Mr. Dolores respectfully requests this Court impose a sentence of time-served.

Respectfully submitted,

/s/ Maranna J. Meehan
MARANNA J. MEEHAN
Assistant Federal Defender

# **CERTIFICATE OF SERVICE**

I, Maranna J. Meehan, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Sentencing Memorandum, by electronic notification or hand delivery to her office, upon, Megan A. Curran, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

/s/ Maranna J. Meehan
MARANNA J. MEEHAN
Assistant Federal Defender

DATE:   June 27, 2019